### SAMUEL RODGERS *v.* JOHN FLICK.

**Appeal—Reversal.**

The Court of Appeals will not disturb a judgment based on the finding of a jury where it does not appear that the finding is palpably wrong.

**Appeal—Reception of Evidence.**

Where plaintiff was allowed the greatest possible latitude in giving his testimony, he cannot object to defendant assuming the same privilege.

**Evidence—Intention.**

It was held that defendant in testifying, had the right to state facts attending the encounter, but not to state what his secret intention was, the intention being a matter of deduction from the circumstances provided.

**Assault and Battery—Pointing Pistol.**

> Where one, in attempting to shoot the husband, manifested an utter disregard of the safety of the wife, and pointed the pistol at her in shooting distance, it amounted to an assault.

### APPEAL FROM CASEY CIRCUIT COURT.

### June 20, 1873.

Opinion by Judge Lindsay:

Appellant was not entitled to a new trial on the ground that the verdict was contrary to the weight of the evidence. It is true that Mrs. Flick was contradicted in some particulars but it was the province of the jury to consider these contradictions in connection with the bearing of the witnesses, and pass upon the credibility of each. The jury doubtless exercised this right, and it was not for the courts to determine that they were mistaken in their estimate. The finding certainly was not palpably wrong, and it will not therefore be disturbed by this court.

In view of the fact that the appellant was allowed the greatest possible latitude in giving in his testimony, detailing not only what occurred at the time of the alleged assault, but what he had heard from his neighbors and acquaintances as to threats made by Flick and giving *in extenso* his motives, feelings and intentions, his testimony assuming the character of an argument for the defense, he can not be heard to complain that Mrs. Flick expressed the opinion that her ill health and the miscarriage that she suffered, were the results of the fight incident to the assault complained of.

The principles of law set out in Instructions A, B and D may not have been stated with technical accuracy, but any and all inaccuracies in their statements were more than cured by Instructions 1, 2 and 3, given for appellant. These instructions were far more favorable to the defendant than they ought to have been, especially Instruction No. 1, which made the right of recovery depend upon the fact that the pistol was leveled and pointed at Mrs. Flick with the intention of shooting her, not whether appellant intended to shoot her or her husband. If it was pointed at her in shooting distance, or if appellant in attempting to shoot the husband manifested an utter disregard of Mrs. Flick's safety, and placed her in actual danger, it was certainly an assault.

It was not an error to tell the jury that they should determine as

to appellant's · intention from the circumstances proved, and not from what he said it was when testifying. The right to testify did not authorize him to state more than an ordinary witness. He had the right to state the facts attending the encounter but not to tell what his secret intentions were, and thereby take away from the jury the power of determining such intention by deductions drawn from the facts proved. Instructions 4, 5 and 6 were properly refused. This court must assume that the court below did not allow the attorney for appellees to make an improper argument as to the law of the case.

Judgment *affirmed*.

*VanWinkle, for appellant.*

————, *for appellee.*

